### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF LOUISIANA

**KEITH JOHNSON**                                    **CIVIL ACTION**

**VERSUS**

**STATE FARM FIRE AND**                      **NO. 23-1077-JWD-EWD**
**CASUALTY COMPANY**

### ORDER AND JUDGMENT OF DISMISSAL

Plaintiff Keith Johnson ("Johnson"), who is representing himself, has failed to prosecute his case and to follow Court orders. Therefore, this action shall be dismissed without prejudice on the Court's own motion under Federal Rule of Civil Procedure 41(b).

On November 25, 2024, Johnson's current lawyer, Ms. Carla Delpit,[1] moved to withdraw from representation because Johnson "has ceased returning communication attempts from counsel."[2] On November 26, 2024, the Court issued an Order, setting a hearing on the Motion to Withdraw as Counsel for December 10, 2024 by video before the Magistrate Judge. The Order required Johnson to attend the hearing. The Order also stated that Johnson's failure to appear at the hearing could result in dismissal of his claims without further notice. The Court sent the Order setting the hearing and the participant instructions to Johnson by certified and regular mail to his last known address provided by his attorney in the Motion to Withdraw.[3]

On December 10, 2024, the hearing on the Motion to Withdraw took place and was held open for fifteen minutes, but Johnson did not appear. Johnson also did not contact the Court to request that the hearing be rescheduled.[4] Ms. Delpit was permitted to withdraw as Johnson's

---

[1] Before Ms. Delpit, Johnson was represented by Heather C. Ford. R. Doc. 1. Mr. Aaron Hurd then substituted as the lawyer for Johnson. R. Docs. 18, 19. Ms. Delpit then replaced Mr. Hurd. R. Docs. 24-26.
[2] R. Doc. 42.
[3] R. Doc. 45.
[4] R. Doc. 46.

lawyer at the December 10th hearing because the requirements of Local Civil Rule 83(b)(13) were met.

Because Johnson did not appear for the December 10, 2024 hearing, he was ordered to appear in person at a hearing on January 14, 2025, to show cause why his claims should not be dismissed. The Order setting the January 14, 2025 hearing was sent to Johnson by certified and regular mail. Johnson was again warned that this lawsuit could be dismissed without further notice if he did not appear as ordered.[5]

The scheduled show cause hearing was held on January 14, 2025 before the Magistrate Judge. The hearing was held open for fifteen (15) minutes, but Johnson did not appear and did not contact the Court to request that the hearing be rescheduled.[6]

The history of this case shows that Johnson has failed to take appropriate action to prosecute his claims. Johnson has failed to respond to at least two Court orders, even though he was told that his case could be dismissed. He also allegedly refused to communicate with his prior lawyer. Federal Rule of Civil Procedure 41(b) provides for dismissal of a suit under these facts:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b)…operates as an adjudication on the merits.

A district court may dismiss a case on its own motion under Rule 41(b) with or without notice to the parties.[7] Because Johnson has ignored Court Orders even though he was told that his claims might be dismissed without further notice,

---

[5] R. Doc. 46.
[6] R. Doc. 50.
[7] *Boudwin v. Graystone Ins. Co. Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) ("Fed. R. Civ. P. 41(b) authorizes the district court to dismiss a claim for failure of prosecution. Although the rule speaks of dismissal pursuant to a motion by the defendant a district court may dismiss on its own motion, with or without notice to the parties. This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases.") (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

**IT IS ORDERED** that the above-captioned lawsuit be **DISMISSED WITHOUT PREJUDICE** for the failure of Plaintiff Keith Johnson to comply with Court Orders and failure to prosecute this case under Federal Rule of Civil Procedure 41(b).

**IT IS FURTHER ORDERED** that the Clerk of Court shall **TERMINATE** this matter on the Court's docket.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send a copy of this Ruling and Order to Plaintiff Keith Johnson, by regular and certified mail, return receipt requested to the address listed on PACER.

Signed in Baton Rouge, Louisiana on January 16, 2025.


_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**